Manuel G. ESCOBAR, Jr., and Yolanda Rodriguez–Escobar, Plaintiffs,

v.

COMMISSIONER OF INTERNAL REVENUE (United States of America), Defendant.

No. SA–96–CA–1179.

United States District Court, W.D. Texas, San Antonio Division.

April 2, 1997.

## ORDER

H. F. GARCIA, District Judge.

On this day came on to be considered by the Court the complaint in the above-styled and numbered cause. Also under consideration by the Court is the Memorandum and Recommendation of United States Magistrate Judge John W. Primomo to which no objections have been filed. After having conducted an independent review of the record in this cause; the Court finds no plain error in the Magistrate Judge's application of pertinent law to the facts. The Court therefore accepts, approves, and **ADOPTS** the Magistrate Judge's recommendation, incorporating same herein.

It is therefore **ORDERED** that the defendant's motion to dismiss for lack of jurisdiction be and hereby is **GRANTED**.

## MEMORANDUM AND RECOMMENDATION

PRIMOMO, United States Magistrate Judge.

In this lawsuit, plaintiffs claim that they have "overpaid their 1991 tax liability" which they contend requires an adjustment and a refund. Defendant has filed a motion to dismiss for lack of jurisdiction on the basis that the plaintiffs have not paid the entire amount of taxes due for tax year 1991. Generally, a taxpayer must pay the entire tax assessment before challenging its validity in district court. Plaintiffs contend that they have satisfied their 1991 tax liability, but they have not submitted any evidence of their tax payments. In contrast, defendant has submitted proof that it has received from plaintiffs tax payments that are, in total, less than the amount of the plaintiffs' 1991 tax assessment. Upon consideration of the arguments, evidence and authorities presented, the undersigned believes that the Court is without subject matter jurisdiction to hear this case.

### I. Motion to Dismiss For Lack Of Subject Matter Jurisdiction

Rule 12(b) (1) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for lack of subject matter jurisdiction. The Court may look beyond the complaint's jurisdictional allegations to determine if jurisdiction is present. It is well-settled in the Fifth Circuit that the Court has the power to dismiss a case for lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera–Montenegro v. U.S.*, 74 F.3d 657 659 (5th Cir.1996).

### II. Sovereign Immunity

A suit against the Commissioner of Internal Revenue is a suit against the sovereign. Such a suit is not allowed without an express waiver of sovereign immunity. *Wilkerson v. U.S.*, 67 F.3d 112, 118 (5th Cir.1995). Waivers of sovereign immunity are strictly construed. *Id.* In the absence of a waiver of sovereign immunity, the court is without jurisdiction to entertain a suit against the United States. *U.S. v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980).

District Courts are provided with jurisdiction to review an IRS determination, such as the one at issue in this case, under two statutes: 26 U.S.C. Section 7422(a) and 28 U.S.C. Section 1346(a). These statutes have been interpreted to require full payment of the tax assessment at issue before a suit can be maintained in district court. *Flora v. U.S.*, 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960); *McMillen v. U.S. Dept. of Treasury*, 960 F.2d 187, 188–189 (1st Cir. 1991). Therefore, if the Court finds that the plaintiffs have not made full payment of their 1991 tax liability, sovereign immunity exists and the Court is without jurisdiction over a dispute concerning their tax liability.

### III. Discussion

Plaintiffs filed their original tax return for 1991 in August of 1992. *Mot. to Dismiss,* Exh. 1, Individual Income Tax Return.

Their return indicated that the total tax liability of $47,460 was more than satisfied by tax-withholding in the amount of $3,734 and 1991 estimated tax payments from plaintiffs' 1990 return in the amount of $43,726. *Id.* They claimed a refund was owed in the amount of $2,733. *Id.* In contrast, records of the Internal Revenue Service ("IRS") do not indicate the receipt of estimated tax payments by plaintiffs in 1991. According to IRS records, plaintiffs made tax payments in 1993 for their 1991 tax liability that, together with the $3,734 of withholding amounted to $35,659.18. *Supp. to Mot. to Dismiss,* Exh. 4, Cert. of Assessments and Payments. According to IRS records, plaintiffs owe the IRS $9,067.82 for their 1991 tax liability.

In August of 1993, the plaintiffs filed an amended tax return for tax year 1991 that claimed an adjustment to their income resulting in a refund owed to them in the amount of $11,725. *Mot. to dismiss,* Exh. 2, Amended Individual Tax Return. The IRS disallowed their claim for a refund, and the plaintiffs contend in their complaint that errors were made by the IRS in determining the plaintiffs' gross receipts. Plaintiffs seek review of the denial of their claim for a refund. The IRS contends that the Court is without jurisdiction in this matter because the plaintiffs have not paid the entire amount of taxes owed for the 1991 tax year.

■ Plaintiffs contend that they have paid their entire tax liability for 1991, and they note that the defendant has filed a copy of an IRS certificate to prove that a tax deficiency exists. But the plaintiffs have not provided any evidence to support their contention that they have fully paid their tax liability. Instead, plaintiffs argue that they should be granted leave to amend their pleadings.

Rather than a pleading defect, the plaintiffs face the task of proving their full payment of their 1991 tax assessment by the IRS. The documentation of such tax payments, if actually made, should be clear, concise and easily available to the plaintiffs. Their failure to provide such proof in response to the defendant's well-supported motion leads the Court to find that the plaintiffs have not fully paid their 1991 tax assessment by the IRS. Therefore, the Court is without subject matter jurisdiction over this dispute concerning their 1991 tax liability. Accordingly, the motion to dismiss for lack of jurisdiction should be granted.

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendant's motion to dismiss for lack of jurisdiction be GRANTED.

### Instructions for Service and Notice of Right to Appeal/Object

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested. Pursuant to Title 28 U.S.C. Section 636(b)(1) and Rule 72(b), Fed. R.Civ.P., any party who desires to object to this report must serve and file written objections to the Memorandum and Recommendation within 10 days after being served with a copy unless this time period is modified by the district court. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. *Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.* A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a de novo determination by the district court. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation contained in this Memorandum and Recommendation within 10 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428 (5th Cir.1996).